# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| WHALE AND DOLPHIN CONSERVATION; DEFENDERS OF WILDLIFE; CONSERVATION LAW FOUNDATION; CENTER FOR BIOLOGICAL DIVERSITY<br><br>*Plaintiffs*,<br><br>v.<br><br>NATIONAL MARINE FISHERIES SERVICE; GINA RAIMONDO, in her official capacity as Secretary of Commerce[1]<br><br>*Federal Defendants.* | Civ. No. 1:21-cv-00112-APM |

## FEDERAL DEFENDANTS' MOTION TO DISMISS THE COMPLAINT AND MEMORANDUM IN SUPPORT

Plaintiffs' complaint should be dismissed as moot because it demands agency action that has already been taken and no further meaningful relief can be provided by the Court. The complaint asserts two claims under Administrative Procedure Act ("APA") Section 706(1) challenging Federal Defendants' "unreasonable delay" in responding to two rulemaking petitions. The petitions, submitted in 2012 and 2020, request that the National Marine Fisheries Service ("NMFS") consider expansions to a 2008 final rule, 73 Fed. Reg. 60,173, aimed to protect North Atlantic right whales from vessel strikes ("Vessel Speed Rule"). As of March 8, 2021, to the extent that NMFS had not already done so, NMFS responded in writing to both of Plaintiffs' petitions.[2]

---

[1] Gina Raimondo is substituted for her predecessor pursuant to Federal Rule of Civil Procedure 25(d).

[2] Prior to its 2021 letter, NMFS took rulemaking and other actions that were responsive to Plaintiffs' petitions. In 2013, in fulfillment of a request in Plaintiffs' 2012 petition, NMFS issued proposed and final rules, 78 Fed. Reg. 34,024 and 78 Fed. Reg. 73,726, eliminating the sunset provision in the Vessel Speed Rule. Additionally, on January 19, 2021, NMFS issued an extensive

Accordingly, the Court lacks jurisdiction and Plaintiffs' complaint, which seeks an order requiring Federal Defendants to respond to the petitions within 60 days and enjoining Federal Defendants from further delay, should be dismissed as moot under Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3).

## STATUTORY BACKGROUND

The APA establishes general rules governing the issuance of proposed and final regulations by federal agencies. 5 U.S.C. §§ 551-59. Under the statute, "[e]ach agency shall give an interested person the right to petition for the issuance, amendment, or repeal of a rule." 5 U.S.C. § 553(e). Further, each agency "shall proceed to conclude a matter presented to it," within a "reasonable time." 5 U.S.C. § 555(b).

Except where precluded by statute, agency decisions are reviewed under the judicial review provisions of the APA, 5 U.S.C. §§ 701-06. Under the APA's judicial review provision, the reviewing court shall "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). Such a claim "can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004) (emphasis in original).

## FACTUAL BACKGROUND

The Vessel Speed Rule, issued by NMFS on October 10, 2008, establishes speed restrictions that apply to vessels 65 feet or longer in certain areas and seasons, called Seasonal Management Areas ("SMAs"), located along the right whale's migratory route on the east coast Atlantic seaboard. 73 Fed. Reg. 60,173 (Oct. 10, 2008). The purpose of the Vessel Speed Rule is

---

report evaluating the Vessel Speed Rule's effectiveness and making a number of recommendations to enhance the rule that are in line with Plaintiffs' 2020 petition requests. AR000102-318.

to "reduce the likelihood of deaths and serious injuries to endangered North Atlantic right whales that result from collisions with ships." *Id.* at 60,173.

On June 28, 2012, Plaintiffs submitted a "Petition for Rulemaking to Prevent Deaths and Injuries of Critically Endangered North Atlantic Right Whales from Ship Strikes." AR000020-38.[3] The 2012 petition requested that NMFS expand or consider expanding the Vessel Speed Rule in a number of ways, including: to extend the rule's speed limit indefinitely (i.e. eliminate its sunset provision); to consider applying the speed limit to vessels shorter than 65 feet on a voluntary basis; to expand the SMAs to encompass certain recurring Dynamic Management Areas ("DMAs"), i.e., areas where three or more right whales have been repeatedly detected (specifically, the Jeffreys Ledge and the Jordan Basin and Cashes Ledge Areas); to make the speed limit for remaining DMAs mandatory rather than voluntary; to expand the scope of the mid-Atlantic SMAs from 20 nautical miles to 30 nautical miles offshore; to combine two SMAs ("Off Race Point" and Cape Cod Bay) into a single SMA, effective from January 1 to April 30; and not to include an expiration date in any new rule addressing ship speed. *Id.*

Following Plaintiffs' 2012 petition, NMFS issued a proposed rule to eliminate the expiration date in the Vessel Speed Rule (consistent with Plaintiffs' request) and invited public comment on the proposed rule. 78 Fed. Reg. 34,024 (June 6, 2013). Plaintiffs commented on the proposed rule, expressing "strong[] support" for elimination of the sunset provision and reiterating the remaining requests in their 2012 petition. AR000046-60. Plaintiffs' comment "incorporate[ed the 2012] petition and all attachments thereto by reference." AR000049 at n.14. On December 9, 2013, NMFS issued a final rule eliminating the Vessel Speed Rule's sunset provision. 78 Fed. Reg.

---

[3] Plaintiffs' claim alleging "unreasonable delay" with respect to the 2012 petition may be time-barred and Federal Defendants reserve the right to assert a statute of limitations defense. *See* 28 U.S.C. § 2401(a).

73,726 (Dec. 9, 2013). In its final rule, NMFS responded to Plaintiffs' comment and addressed the remaining requests in Plaintiffs' 2012 petition as well as similar requests made by other commenters. AR000068-69 (Comment 11 and Response). NMFS responded that, while the requests provided "a number of options that are worthy of consideration," it was "not possible for NMFS to make changes such as these at this time . . . because they were not the subject of our proposed rule to eliminate the sunset provision." AR000069. NMFS further stated that it intended to "synthesize and review available data," including the "results of studies currently ongoing and underway," and that, "[f]ollowing this, NMFS may propose modifications to the current provisions of the existing [Vessel Speed Rule]." *Id.* In the same vein, the 2013 final rule committed NMFS to publishing a report that would include "recommendations to ensure the conservation value of the [Vessel Speed Rule]" and stated that NMFS would "seek public comment on the report." *Id.*

On January 30, 2014, NMFS published a notice of receipt and request for public comments on a petition for rulemaking in which the petitioner proposed an exemption to the Vessel Speed Rule for federally-maintained dredged entrance channels and pilot boarding areas on the east coast. 79 Fed. Reg. 4,883 (Jan. 30, 2014). Plaintiffs submitted a comment on the notice, opposing the proposed exemption. AR000349-62. In their comment, Plaintiffs again reiterated the remaining requests in their 2012 petition, stating that, "[a]lthough NMFS took meaningful and necessary action by eliminating the sunset provision, it has yet to respond to the other three requests in our [2012] petition or the requests in our comments on the agency's proposed rule to eliminate the sunset provision." AR000355. On October 15, 2015, NMFS published a notice denying the petition and its proposed exemption to the Vessel Speed Rule, 80 Fed. Reg. 62,008, and, once again, included a response to Plaintiffs' comments in the notice. AR000363-66 (Comment 10 and Response). In its response, NMFS stated that it had already addressed comments, such as

Plaintiffs', "regarding modification of the [Vessel Speed Rule] in previous responses to public comments (78 FR 73733, 73734; December 9, 2013)," that NMFS was "continuing to evaluate and consider [those comments] and other suggestions for possible future rulemaking," and that "[n]o decisions have been made." AR000366.

On August 6, 2020, Plaintiffs submitted another petition, titled "Petition for Rulemaking to Prevent Deaths and Injuries of Critically Endangered North Atlantic Right Whales from Vessel Strikes." AR000072-97. The 2020 petition requested that NMFS further expand the Vessel Speed Rule in a number of ways. The petition repeated several requests from Plaintiffs' 2012 petition, including its requests to make the speed limit for DMAs mandatory rather than voluntary, and to extend the speed limit to vessels under 65 feet (although the 2012 petition requested only that this be "considered"). *Id.* Several of Plaintiffs' 2012 petition requests were dropped, including its requests to eliminate the Vessel Speed Rule's sunset provision (which NMFS already fulfilled) and to designate certain recurring DMAs as SMAs (specifically, the Jeffreys Ledge and the Jordan Basin and Cashes Ledge Areas). *Id.* Plaintiffs also modified several of the 2012 requests in various ways: they changed their request to combine the Cape Cod SMAs to include different effective dates; and they changed their request to expand all Mid-Atlantic SMAs from 20 to 30 nautical miles, to instead specify different mile limits for specific SMAs (e.g. that the SMAs outside the ports of New York and New Jersey instead be extended to 40 nautical miles, that the SMA off Virginia be extended to 45 nautical miles, and that the Block Island SMA be extended to the east to meet the boundaries of a corresponding Traffic Separation Scheme). *Id.* The 2020 petition also contained several entirely new requests, including: to change the trigger for DMAs from sighting three right whales to any sighting of a cow and calf; to make the SMAs outside the ports of New York and New Jersey effective year-round with dynamic vessel speed restrictions in areas of

designated Traffic Separation Schemes; to make the Block Island SMA effective year-round; and to expand the Southeast SMAs out to 30 nautical miles. *Id.*

Five months after submitting their 2020 petition, Plaintiffs filed this action challenging Federal Defendants' "unreasonable delay" in responding to the 2012 and 2020 petitions and seeking an order requiring a response to the petitions within 60 days and enjoining Federal Defendants from further delay. ECF 1 ("Compl.") ¶¶ 111-124, Request for Relief ¶¶ (3)-(4).

On January 19, 2021 (a week after the Complaint was filed), in fulfillment of the commitment made by NMFS in its 2013 final rule, NMFS published an extensive report evaluating aspects of the Vessel Speed Rule including biological efficacy, mariner compliance, impacts to navigational safety, and the economic cost to mariners ("Assessment Report"). AR000102-318. The Assessment Report provides a detailed evaluation of the Vessel Speed Rule's effectiveness, an overview of available data on traffic characteristics for vessels under 65 feet, and examines trends in vessel traffic characteristics within SMAs over time. *Id.* The report also makes a number of recommendations in line with the requests in Plaintiffs' petitions, including recommendations to modify existing SMAs, modify the DMA program, address risks posed by vessels under 65 feet, and enhance Vessel Speed Rule enforcement and outreach. *Id.* On January 21, 2021, NMFS requested public comments on the Assessment Report "for consideration as we evaluate the need for future actions or modifications to our vessel strike reduction efforts." AR000319. Based on requests from members of the public, including Plaintiffs, NMFS agreed to extend the public comment period on the Assessment Report from March 5 to March 26, 2021. AR000320; AR000321-24.

On March 8, 2021, Federal Defendants sent Plaintiffs a letter response addressing the 2012 and 2020 petitions. AR000335-46. With respect to the 2012 petition, Federal Defendants stated

that, insofar as the petition requested that the Vessel Speed Rule be extended indefinitely, "the December 9, 2013 final rule (78 FR 73726) eliminating the sunset provision . . . fulfilled that request." AR000335. Federal Defendants further stated that, to the extent the 2012 petition requested other changes to the Vessel Speed Rule, those requests were either addressed or mooted by: NMFS's response to Plaintiffs' public comments on the 2013 proposed rule; the issuance of the 2013 final rule; Plaintiffs' 2020 petition (which included modified and presumably superseding versions of the 2012 requests); and NMFS's Assessment Report. *Id.* Accordingly, Federal Defendants "decline[d] to take any additional action in response to the 2012 petition." *Id.*

With respect to the 2020 petition, Federal Defendants directed Plaintiffs to the Assessment Report which "makes a number of recommendations in line with [the 2020] petition," and encouraged Plaintiffs to provide comments on the report. AR000335-36. Federal Defendants noted that NMFS awaits the completion of public comment on the Assessment Report (which is ongoing until March 26, 2021) and will consider what actions, including rulemaking, may be appropriate at that time. AR000336.

## STANDARD OF REVIEW

As the party invoking the jurisdiction of a federal court, a plaintiff bears the burden of proving that the court has jurisdiction to decide its case. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction . . . . It is to be presumed that a cause lies outside this limited jurisdiction, . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction") (citations omitted). Federal Rule of Civil Procedure 12(b)(1) authorizes federal courts to dismiss claims over which they lack subject matter jurisdiction. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992); *Grand Lodge of Fraternal Ord. of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001) ("Under Rule

12(b)(1), the plaintiff bears the burden of establishing that the court has jurisdiction."). Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

"[I]n deciding whether to grant a motion to dismiss for lack of jurisdiction," the "court may consider materials outside the pleadings." *Jerome Stevens Pharms., Inc., v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005); *Coal. For Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (While the court "may in appropriate cases dispose of a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) on the complaint standing alone,' 'where necessary, the court may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'") (citations omitted). Even where there is no motion to dismiss, "Rule 12(h)(3) requires a court to dismiss an action if it 'determines at any time that it lacks subject-matter jurisdiction.'" *Pond Constructors, Inc. v. U.S. Gov't Accountability Off.*, Civ. A. No. 17-0881 (DLF), 2018 WL 3528309, at *1 (D.D.C. May 30, 2018) (quoting Fed. R. Civ. P. 12(h)(3)).

## ARGUMENT

### I.   PLAINTIFFS' CLAIMS ARE MOOT.

Federal Defendants have taken a number of actions over the years addressing the requests in Plaintiffs' 2012 and 2020 rulemaking petitions. Among other things, *see supra* Factual Background, Federal Defendants issued a rule eliminating the Vessel Speed Rule's sunset provision (as requested by the 2012 petition) and issued an extensive Assessment Report recommending that NMFS modify existing SMAs, modify the DMA program, and address risks posed by vessels under 65 feet (all things requested by the 2020 petition). More recently, Federal

Defendants have provided a written response to the petitions which definitively moots Plaintiffs' claims. *See* AR000335-46 (substantively responding to Plaintiffs' petitions); *see also* Compl. Request for Relief ¶¶ (3)-(4) (seeking an "order enjoining Defendants from further delay in responding substantively to the . . . Petition[s] and requiring a response . . . within 60 days").

Federal courts lack jurisdiction "to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (citations omitted); *Larsen v. U.S. Navy*, 525 F.3d 1, 4 (D.C. Cir. 2008) (Courts lack jurisdiction to "decide moot cases because their constitutional authority extends only to actual cases or controversies") (citation omitted). A case is moot when the issues no longer involve a live case or controversy with respect to which the court can provide meaningful relief. *See Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 66-67 (1997); *McBryde v. Comm. to Rev. Cir. Council Conduct and Disability Ords. of the Jud. Conf. of the U.S.*, 264 F.3d 52, 55 (D.C. Cir. 2001) ("If events outrun the controversy such that the court can grant no meaningful relief, the case must be dismissed as moot."). In other words, where, as here, "intervening events make it impossible to grant the prevailing party effective relief," a case should be dismissed as moot. *Burlington N.R.R. Co. v. Surface Transp. Bd.*, 75 F.3d 685, 688 (D.C. Cir. 1996).

Here, Plaintiffs' complaint challenges Federal Defendants' "unreasonable delay" in responding to rulemaking petitions that Federal Defendants have now responded to. Compl. ¶¶ 111-124. Plaintiffs' claims are rendered moot by Federal Defendants' response. *See Nat. Res. Def. Council, Inc. v. U. S. Nuclear Regul. Comm'n*, 680 F.2d 810, 814 (D.C. Cir. 1982) (Even where a claim "was originally well-founded," a court cannot order an agency "to do something that it has already done.").

Plaintiffs' Complaint seeks two forms of relief—injunctive and declaratory—neither of which can be provided by the Court now that Federal Defendants have fulfilled any obligation to respond to Plaintiffs' petitions.

### 1. Injunctive Relief Requiring Federal Defendants to Respond to Plaintiffs' Petitions Is Obsolete.

First, Plaintiffs seek relief in the form of an "order enjoining Defendants from further delay in responding substantively to the 2012 [and 2020] Petition[s] and requiring a response . . . within 60 days." Compl. Request for Relief ¶¶ (3)-(4). But Federal Defendants' March 8 letter quashes any live controversy between Plaintiffs and Federal Defendants by eliminating the need for, and propriety of, seeking such relief. "[N]o justiciable controversy is presented . . . when the question sought to be adjudicated has been mooted by subsequent developments," and "[c]orrective action by an agency is one type of subsequent development that can moot a previously justiciable issue." *Nat. Res. Def. Council*, 680 F.2d at 813-14, 817 (citations omitted) (holding that a claim alleging invalid promulgation of a rule was moot based on the agency's re-promulgation of the rule in accordance with the APA). To the extent Federal Defendants had not already responded to Plaintiffs' petitions, NMFS's March 8 letter is a corrective agency action that moots any previously justiciable issue involving Federal Defendants' lack of response to Plaintiffs' petitions. *See, e.g., Conservation Force, Inc. v. Jewell*, 733 F.3d 1200, 1205 (D.C. Cir. 2013) (dismissing claims that an agency unreasonably delayed in acting on plaintiffs' permit applications as moot because "the complained-of delay has now ended"); *In re Int'l Union, United Mine Workers of Am.*, 231 F.3d 51, 53-54 (D.C. Cir. 2000) (finding plaintiffs' complaint that agency unreasonably delayed its rulemaking process was moot after agency published notices of proposed rulemaking six months after complaint was filed); *United Steelworkers of Am., AFL-CIO-CLC v. Rubber Mfrs. Ass'n*, 783 F.2d 1117, 1120 (D.C. Cir. 1986) (finding the

court lacked jurisdiction over claim that "period of delay prior to [agency's proposed rulemaking] was unreasonable, inasmuch as the issuance of the [proposed rulemaking] itself has mooted petitioners' claims"); *see also In re City of Fall River, Mass.*, 470 F.3d 30, 32-33 (1st Cir. 2006) (petitioner's request "to compel the agency to act on the petition for rulemaking" was moot because the "DOT finally acted on the petition by denying it").

Since Federal Defendants have responded to Plaintiffs' petitions, regardless of Plaintiffs' views on the timeliness of that response, the complaint must be dismissed because there is no longer a justiciable controversy for which meaningful relief can be provided.

### 2.   Declaratory Relief Cannot Be Granted Because No Live Controversy Exists.

In addition to injunctive relief, Plaintiffs seek a declaration that Federal Defendants' "ongoing failure to act on the 2012 [and 2020] Petition[s] constitutes agency action unreasonably delayed in violation of the APA." Compl. Request for Relief ¶¶ (1)-(2). The fact that Plaintiffs seek declaratory relief does not save the action from being mooted. A court may grant declaratory relief only in the case of a "live controversy." *Burke v. Barnes,* 479 U.S. 361, 364 (1987); *Conyers v. Reagan*, 765 F.2d 1124, 1127 (D.C. Cir. 1985) (The fact that a plaintiff "also seek[s] declaratory relief does not affect [the Court's] mootness determination."). Indeed, it is "well-attested in D.C. Circuit precedent" that the "mootness of a claim against a specific agency action also moots claims for declaratory relief over those specific agency actions." *People for the Ethical Treatment of Animals, Inc. v. U.S. Fish & Wildlife Serv.*, 59 F. Supp. 3d 91, 96 (D.D.C. 2014); *City of Houston v. Dep't of Hous. & Urb. Dev.*, 24 F.3d 1421, 1429 (D.C. Cir. 1994) ("[I]f a plaintiff has made no challenge to some ongoing underlying policy, but merely attacks an isolated agency action, then the mooting of the specific claim moots any claim for a declaratory judgment that the [action] was unlawful . . . .'").

To allow Plaintiffs to continue requesting a declaration that Federal Defendants' response to the petitions constitutes "agency action unreasonably delayed in violation of the APA," Compl. Request for Relief ¶¶ (1)-(2), would be to invite the Court to render an improper advisory opinion. *See Spencer v. Kemna*, 523 U.S. 1, 18 (1998) ("[Federal courts] are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong."); *Conservation Force v. Salazar*, 715 F. Supp. 2d 99, 105 (D.D.C. 2010) (dismissing plaintiffs' claim seeking "a declaration that a failure to act timely on permit applications is unlawful," because, "[n]ow that the [agency] has processed plaintiffs' permit applications, the parties are no longer legally adverse to one another, and there no longer exists any immediate, actual dispute that warrants declaratory relief").

Accordingly, Plaintiffs' claims must be dismissed as moot because Federal Defendants have eliminated any actual controversy that would warrant injunctive or declaratory relief by responding to Plaintiffs' petitions.

## II.     NO MOOTNESS EXCEPTION APPLIES.

While there are two narrow exceptions to the mootness doctrine, neither applies here. *See Del Monte Fresh Produce Co. v. United States*, 570 F.3d 316, 321 (D.C. Cir. 2009) (describing two exceptions: (1) where "the specific claim [is] capable of repetition, yet evading review," and (2) "the voluntary cessation doctrine") (citation omitted).

The voluntary cessation exception may be applicable when "a defendant voluntarily changes its allegedly unlawful conduct, and ensures that federal courts do not leave a wily defendant 'free to return to his old ways.'" *Sharp v. Rosa Mexicano, D.C., LLC*, 496 F. Supp. 2d 93, 98 (D.D.C. 2007) (citation omitted). But there is no "voluntary cessation" of unlawful conduct here. Not only have Federal Defendants taken actions addressing the concerns Plaintiffs

have raised over right whale vessel strikes, they have issued a substantive written response to Plaintiffs' petitions. AR000335-46. Federal Defendants' provision of a response is "more accurately characterized as the provision of appropriate relief to petitioner than as the 'cessation of illegal conduct.'" *Conservation Force v. Salazar*, 715 F. Supp. 2d at 106 n.7 (citation omitted).

The exception for otherwise moot claims that are "capable of repetition, yet evad[ing] review" applies "only in exceptional situations." *City of L.A. v. Lyons*, 461 U.S. 95, 109 (1983). For this exception to apply, a plaintiff must "demonstrate that '(1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party would be subjected to the same action again.'" *Clarke v. United States*, 915 F.2d 699, 704 (D.C. Cir. 1990) (citations omitted); *Armstrong v. Fed. Aviation Admin.*, 515 F.3d 1294, 1296 (D.C. Cir. 2008) (requiring a "reasonable showing that [plaintiffs] will again be subjected to the alleged illegality" (citation omitted)). Plaintiffs cannot show that the challenged agency action is "too short to be fully litigated" because *over eight years* elapsed between Plaintiffs' submission of the 2012 petition and the filing of this lawsuit. While Federal Defendants' alleged delay with respect to the 2020 petition was briefer (only five months), Plaintiffs nevertheless cannot overcome the presumption of lawful conduct that applies to a government agency. *See D.C. Prof'l Taxicab Drivers Ass'n v. Dist. of Columbia*, 880 F. Supp. 2d 67, 75 (D.D.C. 2012) ("[W]here the defendant is a government actor—and not a private litigant—there is less concern about the recurrence of objectionable behavior.") (citations omitted); *United States v. Chem. Found., Inc.*, 272 U.S. 1, 14-15 (1926) (A "presumption of regularity supports the official acts of public officers, and, in

the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties.") (citation omitted).

Accordingly, Plaintiffs cannot save their claims from being mooted on the basis of either of these exceptions.

## CONCLUSION

If Plaintiffs take issue with the substance of Federal Defendants' response to the 2012 and 2020 petitions, they may challenge the substance of that response (provided they meet the legal prerequisites to bring such a suit). Plaintiffs cannot, however, maintain their claims under APA Section 706(1) challenging Federal Defendants' "unreasonable delay" in responding to the petitions. Because Federal Defendants have now responded, adjudication of this case would result in an improper advisory opinion on the legality of past actions. Accordingly, Plaintiffs' complaint must be dismissed as moot.

Dated: March 15, 2021                    Respectfully submitted,

                                          JEAN E. WILLIAMS,
                                          Acting Assistant Attorney General
                                          SETH M. BARSKY, Chief
                                          MEREDITH L. FLAX, Assistant Chief

                                          */s/ Michelle M. Spatz*
                                          MICHELLE M. SPATZ, Trial Attorney
                                          (D.C. Bar No. 1044400)
                                          United States Department of Justice
                                          Environment and Natural Resources Division
                                          Wildlife and Marine Resources Section
                                          P.O. Box 7611, Ben Franklin Station
                                          Washington, D.C. 20044-7611
                                          Tel: (202) 598-9741; Fax: (202) 305-0275
                                          E-mail: michelle.spatz@usdoj.gov

                                          *Attorneys for Federal Defendants*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on March 15, 2021, I electronically filed and served the foregoing

Motion to Dismiss the Complaint and Memorandum in Support on all counsel of record via the

CM/ECF system.

*/s/ Michelle M. Spatz*
MICHELLE M. SPATZ, Trial Attorney
D.C. Bar No. 1044400
United States Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044-7611
Tel: (202) 598-9741; Fax: (202) 305-0275
E-mail: michelle.spatz@usdoj.gov

*Attorney for Federal Defendants*
