UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **WHALE AND DOLPHIN CONSERVATION et al.,** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | | |
| v. | | Case No. 21-cv-112 (APM) |
| **NATIONAL MARINE FISHERIES SERVICE et al.,** | | |
| Defendants. | | |

## MEMORANDUM OPINION AND ORDER

### I.

Plaintiffs[1] are organizations that have petitioned Defendants, the National Marine Fisheries Service ("NMFS" or "the agency") and the Secretary of Commerce, to engage in rulemaking to protect North Atlantic right whales from vessel collisions, a leading cause of death for the critically endangered species. In 2008, the NMFS promulgated regulations targeting vessel collisions, including rules limiting speeds at which certain vessels may travel in particular areas along the right whale's migratory route. *See* Compl. for Declaratory and Injunctive Relief, ECF No. 1 [hereinafter Compl.], ¶ 12. In 2012, a subset of Plaintiffs filed a petition for rulemaking ("the 2012 Petition") calling for an expansion of the vessel-speed rule. Compl. ¶ 14. Then, in August 2020, Plaintiffs filed another petition for rulemaking ("the 2020 Petition"), making similar requests. *Id*.

Five months after filing their second petition, Plaintiffs filed this action under the Administrative Procedure Act ("APA"). *See* Compl. They allege unreasonable delay in

---

[1] Plaintiffs are Whale and Dolphin Conservation, Defenders of Wildlife, the Conservation Law Foundation, and the Center for Biological Diversity.

Defendants' response to their petitions and ask the court for declaratory and injunctive relief, including orders "enjoining Defendants from further delay in responding substantively" to the petitions. Compl. at 31–32.

Defendants have moved to dismiss the Complaint for lack of subject matter jurisdiction on the ground of mootness. Defs.' Mot. to Dismiss the Compl., ECF No. 10 [hereinafter Defs.' Mot.]; Fed. R. Civ. P. 12(b)(1), (h)(3). For the reasons that follow, the motion is denied in part and granted in part.

II.

When deciding a motion under Rule 12(b)(1), a court must accept all well-pleaded factual allegations in the complaint as true. *See Jerome Stevens Pharm., Inc. v. FDA.*, 402 F.3d 1249, 1253 (D.C. Cir. 2005). Because the court has "an affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority," however, the factual allegations in the complaint "will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13–14 (D.D.C. 2001) (internal quotation marks omitted). To that end, the court may consider "such materials outside the pleadings as it deems appropriate to resolve the question whether it has jurisdiction to hear the case." *Scolaro v. D.C. Bd. of Elections & Ethics*, 104 F. Supp. 2d 18, 22 (D.D.C. 2000); *see also Mykonos v. United States*, 59 F. Supp. 3d 100, 103–04 (D.D.C. 2014) (applying rule in mootness context). Thus, "where necessary, the court may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *See Coal. for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (internal quotation marks omitted).

Mootness is one ground for dismissal for lack of subject matter jurisdiction under Rule 12(b)(1). *Indian River Cty. v. Rogoff*, 254 F. Supp. 3d 15, 18 (D.D.C. 2017) ("A motion to dismiss for mootness is properly brought under Rule 12(b)(1) because mootness itself deprives the court of jurisdiction."). "Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies." *Conservation Force, Inc. v. Jewell*, 733 F.3d 1200, 1204 (D.C. Cir. 2013) (internal quotation marks omitted). "A case is moot when the challenged conduct ceases such that there is no reasonable expectation that the wrong will be repeated in circumstances where it becomes impossible for the court to grant any effectual relief whatever to the prevailing party." *United States v. Philip Morris USA, Inc.*, 566 F.3d 1095, 1135 (D.C. Cir. 2009) (internal quotation marks omitted). Stated differently, a case becomes moot when "the court can provide no effective remedy because a party has already obtained all the relief that it has sought." *Conservation Force*, 733 F.3d at 1204 (alteration and internal quotation marks omitted). "The initial heavy burden of establishing mootness lies with the party asserting a case is moot, but the opposing party bears the burden of showing an exception applies[.]" *Honeywell Int'l, Inc. v. Nuclear Regul. Comm'n*, 628 F.3d 568, 576 (D.C. Cir. 2010) (citations and internal quotation marks omitted).

### III.

The APA requires agencies to "give an interested person the right to petition for the issuance, amendment, or repeal of a rule." 5 U.S.C. § 553(e). An agency must "proceed to conclude a matter presented to it," including a petition requesting rulemaking, "within a reasonable time," 5 U.S.C. § 555(b), and a court may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1); *see Nat'l Parks Conservation Ass'n v. U.S. Dep't of Interior*, 794 F. Supp. 2d 39, 44 (D.D.C. 2011) ("If the agency does not respond to a petition [for

rulemaking], a reviewing court may 'compel agency action unlawfully withheld or unreasonably delayed.'" (quoting 5 U.S.C. § 706(1))).

Plaintiffs here ask the court to compel such allegedly "unreasonably delayed" action—long-awaited responses to their 2012 and 2020 Petitions for rulemaking to the NMFS. Compl. at 32. Defendants counter that the court cannot grant the requested relief because Plaintiffs asked only for a "response" to their petitions, and the agency sent a letter in March 2021 (two months after Plaintiffs initiated this action) responding to both petitions. Defs.' Mot. at 1–2. Consequently, they contend, the case is moot. *See id.*

Defendants are of course correct that "[i]f . . . an agency does respond to a petition, even after a suit to compel a response is filed, such a suit is rendered moot," unless an exception is shown to apply. *Nat'l Parks Conservation Ass'n*, 794 F. Supp. 2d at 44–45. The question is thus whether the March 2021 letter constitutes a "response" to Plaintiffs' two petitions. The court finds that the March 2021 letter constitutes a "response" to the 2012 Petition but not the 2020 Petition. Plaintiffs' APA action is therefore partially moot.

A.

With respect to their 2020 Petition, Plaintiffs seek as relief a declaration "that Defendants' ongoing failure to act on the 2020 Petition constitutes agency action unreasonably delayed in violation of the APA" and "an order enjoining Defendants from further delay in responding substantively to the 2020 Petition and requiring a response to the 2020 Petition within 60 days[.]" Compl. at 32. It is ambiguous what Plaintiffs mean by a "substantive[]" response. *See id.* However, viewing the request in the light most favorable to Plaintiffs, an order requiring a substantive response could include an order directing the agency to provide a *definitive* answer as to whether it will grant or deny the 2020 Petition. *See* Pls.' Mem. of Law in Opp'n to Defs.' Mot.,

4

ECF No. 11 [hereinafter Pls.' Opp'n], at 23 ("NMFS's 'response' to Plaintiffs' 2020 Petition fails to provide a[n] . . . answer as to whether the agency intends to initiate . . . a rulemaking . . . ."). That is relief the court could grant if the Plaintiffs were to succeed on the merits of their claim.

The APA requires an agency to "receive and respond to petitions for rulemaking." *WWHT, Inc. v. FCC*, 656 F.2d 807, 813 (D.C. Cir. 1981). Congress did not intend to require an agency to engage in rulemaking merely because it receives a petition to do so. *See id.* The agency must, however, "fully and promptly" consider a rulemaking request, and it "may either grant the petition, undertake public rule making proceedings[,] or deny the petition." *Id.* (alternation omitted) (quoting S. Rep. No. 752, 79th Cong., 1st Sess. (1945)); *see also Nat'l Parks Conservation Ass'n*, 794 F. Supp. 2d at 44 (stating that agencies are "required to at least definitively respond to a petition—that is, to either deny or grant the petition" (cleaned up)). Here, the agency did not either "grant . . . or deny the petition," *WWHT*, 656 F.2d at 813, and it did not initiate rulemaking proceedings. Its response, such as it is, was limited to a few sentences in a two-page letter sent in March of this year. That letter pointed Plaintiffs to a January 2021 report prepared by the agency "evaluating the conservation value and economic and navigational safety impacts of the [vessel-]speed rule," noting that "it makes a number of recommendations in line with [Plaintiffs'] petition." Notice of Filing Joint Administrative R. App., ECF No. 13, Joint Administrative R. App., ECF No. 13-1 [hereinafter Admin. R.], at 197–98. The agency encouraged Plaintiffs to "provide any . . . comments [on the report] as part of the public comment process" and concluded by stating that the agency "awaits completion of public comment on the report and then will consider what actions may be appropriate at that time." *Id.* at 198. The letter thus contained no "definitive decision" to grant or deny the 2020 petition. *Nat'l Parks Conservation Ass'n*,

5

794 F. Supp. 2d at 45. The court could compel the agency to supply one, rendering this case a live controversy.

The agency appears to argue that it fully discharged its duties to respond to Plaintiffs' 2020 Petition. *See* Defs.' Mot. at 10–11. First, the agency contends that Plaintiffs are entitled to no particular *type* of response because their Complaint requested only *a* response. *See* Defs.' Reply in Supp. of Mot. to Dismiss, ECF No. 12 [hereinafter Defs.' Reply], at 8–9. But as the court has already explained, the Complaint can plausibly be construed to seek an order requiring Defendants to provide a definitive answer as to whether they are denying or granting the petition. *See* Defs.' Reply at 3 (conceding that Plaintiffs requested, with respect to the 2012 Petition, "a response that either 'grants or denies' the petition"); Compl. at 32–33 (requesting the same relief as to each petition). Next, the agency attempts to cast Plaintiffs' request that the court order a "date for NMFS to act on Plaintiffs' [2020] petition," Pls.' Opp'n at 15, as an impermissible request for an order requiring Defendants to engage in rulemaking on the petition. Defs.' Reply at 2. But that is not the relief Plaintiffs seek. They ask the court only to compel the agency to "act on" the pending petition by a certain date, not to compel it to engage in rulemaking. *Cf. In re Am. Rivers & Idaho Rivers United*, 372 F.3d 413, 419 (D.C. Cir. 2004) ("We are not concerned here with what answer [the agency] might ultimately give the petitioners; rather, we are reviewing its failure to give them *any* answer . . . .").

Finally, from a practical perspective, the agency's position is untenable. If the agency were correct that its letter—providing no definitive answer—is an adequate "response" for APA purposes, then it could effectively inoculate itself from being compelled to respond to petitions for rulemaking in future instances by providing a half-hearted reply saying, effectively, "We're thinking about it." An agency cannot avoid its obligation to "fully and promptly consider" a

petition for rulemaking—and shield itself from future judicial review—merely by issuing a noncommittal response. *Cf. In re A Cmty. Voice*, 878 F.3d 779, 786 (9th Cir. 2017) (rejecting the view that an agency's "grant" of a rulemaking petition forecloses a court from evaluating whether such rulemaking has been unreasonably delayed; the contrary view "would allow the [agency] to grant petitions for rulemaking and take no action in order to avoid judicial review").

Plaintiffs' claim as to the 2020 Petition is therefore not moot, and the motion to dismiss that claim is denied.

**B.**

The court reaches a different conclusion as to the 2012 Petition. Unlike the 2020 Petition, the March 2021 letter states the agency's definitive decision with respect to the 2012 Petition in no uncertain terms: "[W]e decline to take any additional action in response to the 2012 petition."[2] Admin. R. at 197. Plaintiffs respond that the agency's rationale for this decision, as expressed in the March 2021 letter, is not grounded in fact or is otherwise deficient. *See* Pls.' Opp'n at 16–19. But that argument goes to the merits of the agency's substantive decision and whether it was arbitrary and capricious—a claim not before the court. *See* 5 U.S.C. § 706(2)(A). For present purposes, the question is whether the agency provided a firm answer to Plaintiffs' 2012 Petition. It did. Plaintiffs' APA claim as to the 2012 Petition is therefore moot.

Plaintiffs seek to avoid this result by invoking the "voluntary cessation" exception to the mootness doctrine. *See* Pls.' Opp'n at 23–26.[3] But applying the voluntary-cessation exception

---

[2] Defendants also argue that several other "rulemaking and other actions . . . were responsive to Plaintiffs' petitions." Defs.' Mot. at 1 n.2. Because the court finds that the March 2021 letter independently renders Plaintiffs' 2012 claim moot, the court need not reach these arguments and does not express a view on them.

[3] Plaintiffs also contend that their claim as to the 2020 Petition satisfies the "capable of repetition yet evading review" exception, *see* Pls.' Opp'n at 26–28, but the court does not reach that argument because it has already found that claim to be not moot.

makes little sense here.  "Aimed as it is at party manipulation of the judicial process through the false pretense of singlehandedly ending a dispute," that exception "presupposes that the infringing party voluntarily exercises its own unilateral power not only to terminate the suit and evade judicial review, but also to pick up where he left off and complete the devious cycle after the litigation is dismissed." *Guedes v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 920 F.3d 1, 15 (D.C. Cir. 2019) (internal quotation marks omitted).  Here, the agency has told Plaintiffs that it does not intend to take further action on the 2012 Petition.  The court cannot fathom that the agency made that decision with the intent to later rescind it only to delay—again—responding to the petition.  Thus, the evil that is sought to be remedied here, unreasonable delay in responding to the 2012 Petition, is not likely at all to recur after that claim is dismissed.  The voluntary-cessation exception therefore does not apply.

## IV.

For the foregoing reasons, Defendants' Motion to Dismiss, ECF No. 10, is granted in part and denied in part.  Defendants shall file an Answer on or before November 24, 2021.

Dated:  November 10, 2021

Amit P. Mehta
United States District Court Judge