UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

WHALE AND DOLPHIN CONSERVATION;
DEFENDERS OF WILDLIFE; CONSERVATION
LAW FOUNDATION; CENTER FOR
BIOLOGICAL DIVERSITY

       *Plaintiffs*,

    v.

NATIONAL MARINE FISHERIES SERVICE;
GINA RAIMONDO, in her official capacity as
Secretary of Commerce

     *Federal Defendants.*

Civ. No. 1:21-cv-00112-APM

## JOINT STATUS REPORT

Pursuant to the Court's Order dated November 22, 2021 (ECF No. 16), the parties have met and conferred regarding a schedule for filing of the administrative record and related motions, dispositive motions, and the joint appendix containing excerpts of the administrative record.

The parties do not agree regarding whether judicial review should be limited to the administrative record for Plaintiffs' claim under Administrative Procedure Act ("APA") Section 706(1), 5 U.S.C. § 706(1). The parties' respective positions on this issue are set forth below, and they have submitted alternate proposed scheduling orders reflecting their positions.

\*     \*     \*

**Plaintiffs' Position and Proposed Schedule**: Plaintiffs' remaining claim in this case challenges the National Marine Fisheries Service's ("NMFS") unreasonable delay in acting on an August 6, 2020 petition for rulemaking to expand a 2008 vessel speed regulation to protect

critically endangered North Atlantic right whales from being struck, injured, and killed by vessels in U.S. Atlantic waters. Only eight days after Plaintiffs filed suit on January 13, 2021, NMFS belatedly issued its report assessing the 2008 regulation, identifying an "urgent need for effective enhancements to the speed rule."  Exactly one month after Plaintiffs filed suit, a first-time right whale mother was seriously (i.e., mortally) injured and her newborn calf killed outright in the species' calving grounds off Florida. ECF No. 11 at 1. And the species has continued to decline precipitously. Its population has plummeted to only 336 whales in January 2020, an eight percent decline from 2019, a thirty percent decline since 2011, and the lowest population level in nearly 20 years. Yet NMFS's delay continues.

To resolve Plaintiffs' claim that NMFS's ongoing delay in acting on Plaintiffs' rulemaking petition is unreasonable, the Court will apply a "rule of reason," evaluating the "*TRAC*" factors, including: (1) the length of time that has elapsed since the agency came under a duty to act; (2) the reasonableness of the delay in light of the statutory scheme; (3) the consequences of the delay; and (4) the practical difficulty that the agency faces in carrying out the legislative mandate, or its need to prioritize in the face of limited resources. *Cobell v. Norton*, 240 F.3d 1081, 1096–97 (D.C. Cir. 2001) (quoting *In re Int'l Chem. Workers Union*, 958 F.2d 1144, 1149 (D.C. Cir. 1992)); *see also Telecomm. Research & Action Ctr. v. F.C.C.*, 750 F.2d 70, 80 (D.C. Cir. 1984) ("*TRAC*").

Because Plaintiffs' claim arises under APA section 706(1), the Court's review of Plaintiffs' claim is not limited to an administrative record. *See, e.g., Nat'l Law Ctr. on Homelessness & Poverty v. U.S. Dep't of Veterans Affairs*, 842 F. Supp. 2d 127 (D.D.C. 2012) ("when it comes to agency inaction under 5 U.S.C. § 706(1), 'review is not limited to the record as it existed at any single point in time, because there is no final agency action to demarcate the

limits of the record.'") (citations omitted); *see also TRAC*, 750 F.2d at 79 ("It is obvious that the benefits of agency expertise and creation of a record will not be realized if the agency never takes action."). "Indeed, the Court cannot decide this claim based solely on the administrative record because agency inaction generally does not produce a record at all." *Gona v. U.S. Citizenship & Immigration Servs*., No. 1:20-cv-3680-RCL, 2021 U.S. Dist. LEXIS 63745, at *4 (D.D.C. Apr. 1, 2021). In other words, "an isolated administrative record would not allow the Court to determine whether the agency adheres to a rule of reason in adjudicating [Plaintiffs' petition]." *Id*.

Plaintiffs do not, however, intend to conduct discovery in this case. Rather, to support their claim that NMFS's delay violates the "rule of reason," *see TRAC*, 750 F.2d at 80, and to illustrate the consequences of the agency's delay on the critically endangered right whale, Plaintiffs intend to cite publicly available information (including published scientific studies and reports produced by NMFS and its scientists) regarding the species' status and the threat of vessel strikes in particular, as well as NMFS's public statements. If NMFS does not include these documents in its "administrative record," Plaintiffs intend to attach them as exhibits to their motion for summary judgment.

This Court's decision in *Dallas Safari Club v. Bernhardt*, 518 F. Supp. 3d 535 (D.D.C. 2021), is therefore distinguishable. In that case, the plaintiffs sought to "delve into the [agency's] subjective motivation and internal decision-making process via depositions and deliberative documents." *Id*. at 541. Moreover, they also had two claims arising under section 706(2) of the APA, "premised on the same theory of violation" as their section 706(1) claim. *Id*. at 539. Therefore, the Court was loath to apply a different scope of review to each claim where the plaintiffs had admitted their 706(2) claims were limited to the record. *Id*. Here, in contrast,

Plaintiffs do not seek to probe the subjective intent of agency officials or to take any discovery at all, but seek only to cite publicly available information relevant to the *TRAC* factors. Moreover, Plaintiffs have only one claim for relief challenging the agency's failure to act that squarely arises under section 706(1) of the APA.

Should NMFS believe any of the publicly available documents cited and submitted by Plaintiffs with their opening brief are not properly before the Court, NMFS may ask the Court to strike such documents as part of its opposition and cross-motion. It would be more efficient and more equitable to consider the admissibility of these documents as part of summary judgment briefing. This approach will provide necessary context for why the cited documents are relevant. The Court is best able to resolve the appropriateness of the submitted evidence when it is clear what the evidence is and how it relates to the arguments at issue and the Court's evaluation of the *TRAC* factors. This approach will also help lead to the prompt resolution of this case, which has already been pending for nearly a year.

Accordingly, Plaintiffs propose the following schedule as reflected in their attached Proposed Order:

| | |
|---|---|
| January 7, 2022 | Federal Defendants shall file an updated and supplemented certified list of the contents of the "administrative record" |
| February 4, 2022 | Plaintiffs shall file their opening motion for summary judgment |
| March 4, 2022 | Federal Defendants shall file their combined cross-motion for summary judgment and opposition to Plaintiffs' motion for summary judgment |
| March 25, 2022 | Plaintiffs shall file their combined opposition to Federal Defendants' cross-motion for summary judgment and reply in support of Plaintiffs' motion for summary judgment |
| April 15, 2022 | Federal Defendants shall file their reply in support of their cross motion for summary judgment. |
| April 29, 2022 | Plaintiffs shall file the joint appendix |

\* \* \*

**Federal Defendants' Position and Proposed Schedule:**  Federal Defendants request that this Court enter a schedule for lodging the administrative record and resolving record-related disputes before the parties commence summary judgment briefing, as Plaintiffs' claim in this case is governed by the APA's standard and scope of review. Plaintiffs' claim under APA Section 706(1) alleges that NMFS's failure to provide a response to the 2020 Petition constitutes an "agency action unlawfully withheld or unreasonably delayed." *See* Complaint, Second Claim for Relief; 5 U.S.C. § 706(1).  It is a bedrock principle of administrative law that judicial review of agency action is limited to the agency's administrative record, and the APA expressly defines "agency action" as including a "failure to act." 5 U.S.C. § 551(13); *id.* at § 706 (In reviewing agency action under the APA, "the court shall review the whole record or those parts of it cited by a party."); *Camp v. Pitts*, 411 U.S. 138, 142 (1973) ("[T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court."); *Sw. Ctr. For Biological Diversity v. U.S. Forest Serv.*, 100 F.3d 1443, 1450 (9th Cir. 1996) (same).

This Court has found that the APA's record review requirement "applies whether a court is reviewing agency action or inaction."  *Biodiversity Legal Found. v. Norton*, 180 F. Supp. 2d 7, 10-11 (D.D.C. 2001) (citation omitted) (rejecting the argument that no administrative record exists in a failure to act case and ordering the agency to produce an administrative record). Indeed, this Court has specifically recognized that "[n]othing in the statutory text [of the APA] distinguishes the scope of record review based on whether the claim is directed at agency action or inaction.  And nowhere does the text even hint at extra-record review occurring as a matter of

course when agency action is alleged to be 'unlawfully withheld or unreasonably delayed.'"
*Dallas Safari Club v. Bernhardt*, 518 F. Supp. 3d 535, 539 (D.D.C. 2021).

Simply because there is allegedly no endpoint to the agency's decision-making process, does not mean that there is no administrative record. *See Friends of the Clearwater v. Dombeck*, 222 F.3d 552, 560-61 (9th Cir. 2000) (recognizing that, while there may not be a clear endpoint of agency decision-making in a failure to act case, the court's review should nevertheless be based on the administrative record and allowing supplemental material submitted by the agency to be added to the record because "there is no final agency action to demarcate the limits of the record"); *S.F. BayKeeper v. Whitman*, 297 F.3d 877, 886 (9th Cir. 2002) (allowing the agency to supplement the administrative record with a later-created document because there was "no final agency action that close[d] the administrative record"). Here, the administrative record will provide an adequate basis for the Court to assess the reasonableness of NMFS's alleged delay in responding to Plaintiffs' 2020 Petition.

Moreover, this Court has also recognized that motions regarding supplementation of the record, the applicability of exceptions to record review, and/or judicial notice of extra-record materials (collectively, "record-related motion") should be resolved before summary judgment briefing commences. *See, e.g., Natural Resources Defense Council, Inc., et al. v. U.S. Fish and Wildlife Service, et al.*, Case, No. 1:21-cv-00770-ABJ (D.D.C. 2021), October 6, 2021 Order (ordering the parties to submit briefing on record-related disputes and that "briefing of summary judgment motions will be held in abeyance pending [their] resolution," because "resolving [such] disputes first is plainly the more efficient way to proceed"). Similarly here, dealing with record-related motions simultaneously with summary judgment briefing would not only place an unnecessary extra burden on Federal Defendants and the Court, it would force Federal

Defendants to make alternative arguments in their summary judgment briefing to address two possible scenarios (e.g., one in which the Court allowed extra-record materials relied on by Plaintiffs to be considered, and one in which extra-record could be disregarded).

As required by the standard and scope of the APA and in the interest of efficiency, Federal Defendants request that the Court enter a schedule for lodging the administrative record and resolving record-related disputes before summary judgment briefing commences. Accordingly, Federal Defendants propose the following schedule, as reflected in their attached Proposed Order:

Administrative Record and Related Motions

January 7, 2022   Federal Defendants shall file an updated and supplemented certified list of the contents of the administrative record.

January 14, 2022   Plaintiffs shall notify Federal Defendants whether Plaintiffs have any issue with the administrative record.

January 21, 2022   The parties shall file a status report notifying the Court that either: (a) they have reached agreement that the record for judicial review is complete and intend to proceed to summary judgment briefing as set forth below; (b) they need additional time to resolve issues related to the administrative record; or (c) Plaintiffs intend to move the Court to resolve a dispute regarding the completeness of the administrative record, the applicability of any exceptions to record review, and/or the need for judicial review of extra-record materials (collectively, "record-related motions").

February 4, 2022   Plaintiffs shall file any record-related motion.

February 18, 2022   Federal Defendants shall file any opposition to Plaintiffs' record-related motion.

February 25, 2022   Plaintiffs shall file any reply in support of their record-related motion.

*The summary judgment briefing schedule set forth below be held in abeyance pending the resolution of any record-related motion(s)*

Motions for Summary Judgment

February 4, 2022        Plaintiffs shall file their motion for summary judgment.

March 4, 2022        Federal Defendants shall file their opposition to Plaintiffs' motion for summary judgment and their cross-motion for summary judgment.

March 25, 2022        Plaintiffs shall file their reply in support of their motion for summary judgment and any opposition to Federal Defendants' cross-motion for summary judgment.

April 15, 2022        Federal Defendants shall file their reply in support of their cross motion for summary judgment.

April 29, 2022        In accordance with Local Civil Rule 7(n)(2), Plaintiffs shall file an appendix prepared jointly by the parties, containing all portions of the administrative record designated by Plaintiffs and Federal Defendants.


Dated:  December 6, 2021        Respectfully submitted,

TODD KIM, Assistant Attorney General
SETH M. BARSKY, Chief
MEREDITH L. FLAX, Assistant Chief

*/s/ Michelle M. Spatz*
Michelle M. Spatz, Trial Attorney
D.C. Bar No. 1044400
United States Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044-7611
Tel: (202) 598-9741; Fax: (202) 305-0275
E-mail: michelle.spatz@usdoj.gov

*Attorneys for Federal Defendants*

*/s/ Kristen Monsell*
Kristen Monsell, DC Bar No. CA00060
CENTER FOR BIOLOGICAL DIVERSITY
1212 Broadway, Ste. 800
Oakland, CA 94612
(510) 844-7137 (tel)
kmonsell@biologicaldiversity.org

*/s/ Jane P. Davenport*
Jane P. Davenport, DC Bar No. 474585
DEFENDERS OF WILDLIFE
1130 17th St NW
Washington, DC 20036
(202) 682-9400 x174 (tel)
jdavenport@defenders.org

*/s/ Erica A. Fuller*
Erica A. Fuller, DC Bar No. MA0001
CONSERVATION LAW FOUNDATION
62 Summer St
Boston, MA 02110
(617) 850-1727 (tel)
efuller@clf.org

*Attorneys for Plaintiffs*